UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17cv343

| | |
|---|---|
| STACY C. WALLACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **Order** |
| | ) |
| NANCY BERRYHILL, | ) |
| Acting Commissioner Of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court upon the Commissioner's Motion to Dismiss for lack of subject matter jurisdiction. The Plaintiff has submitted a response in opposition to the Commissioner's motion and this matter is ripe for disposition.

**FACTUAL BACKGROUND**

The Commissioner has submitted the Declaration of Marie Cousins, Office of Disability Adjudication and Review ("Declaration"), which sets forth the procedural history in this matter. On March 28, 2014, Ms. Wallace filed an application for title II benefits, which was denied at both the initial and reconsideration levels of review (Declaration, ¶ 3(a) and (b)). Ms. Wallace filed a request for a hearing on October 21, 2014, but the request was dismissed on January 10, 2017, on the basis of *res judicata* (Declaration, ¶ 3(c), Exhibit 6 of the Declaration). Per the Order of Dismissal, Ms. Wallace previously filed applications for a period of disability, DIB, and supplemental security income (SSI) payments that were denied in a determination dated

1

September 26, 2013 (Exhibit 6 of the Declaration). This determination, issued after Ms. Wallace's insured status expired,[1] became administratively final because Ms. Wallace did not file a timely request for review. In issuing the dismissal, the administrative law judge (ALJ) found that the request for hearing involved the same rights of the same claimant on the same facts and on the same issues which were decided in the final and binding determination dated September 26, 2013. The ALJ further found no conditions for reopening the 2013 decision.

On January 26, 2017, Ms. Wallace filed a request for review of the dismissal (Declaration, ¶ 3(d)). Ms. Wallace's request was denied on April 26, 2017 (Declaration, ¶ 3(d), Exhibit 8 of the Declaration). On June 23, 2017, Ms. Wallace filed this civil action.

**DISCUSSION**

A court "generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction)." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93-102 (1998)). The plaintiff bears the burden of proving that subject matter jurisdiction exists. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

When a defendant challenges subject matter jurisdiction, the court "is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* at 647 (quoting *Richmond, Fredericksburg & Potomac R. Co.*, 945 F.2d at 768); *see also Williams v. United States*, 50 F.3d

---

[1] Ms. Wallace was insured only through December 31, 2011 (Exhibit 6 of Declaration). As such, to qualify for DIB, she had to prove that her disability began no later than that date. *See Johnson v. Barnhart*, 434 F.3d 650, 655-56 (4th Cir. 2005).

2

299, 304 (4th Cir. 1995) (in considering exhibits outside pleadings, court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case") (internal quotation omitted)). That is, upon a Rule 12(b)(1) motion, "the court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (internal quotation omitted), *aff'd*, 85 F. App'x 960 (4th Cir. 2004).

Judicial review of the final decisions on claims arising under title II or title XVI of the Act is provided for and limited by sections 205(g) and (h) of the Act.

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. * * *
>
> (h) The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.* No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on many claims arising under this title.

42 U.S.C. §§405(g) and (h) (emphasis added).

It is clear from these provisions of the Act that the only civil action permitted on any claim arising under titles II or XVI is an action to review the "final decision of the [Commissioner] made after a hearing." *Califano v. Sanders*, 430 U.S. 99, 108 (1977).

It is undisputed that Plaintiff did not seek review of the September 26, 2013 determination. As such, that determination became the final decision of the Commissioner. In

3

the Order of Dismissal the ALJ determined there were no conditions present to reopen the September 26, 2013 final determination.

The regulations provide that the Commissioner may dismiss a hearing request and decline to issue a "final decision" if:

> [t]he doctrine of *res judicata* applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action.

20 C.F.R. § 404.957(c)(1). [2]

As the September 26, 2013 determination became final as a result of Ms. Wallace's failure to seek review, the current claim, which involves the same facts, law, issues and parties, was properly precluded from consideration by the Commissioner on the grounds of *res judicata*. *Cleaton v. Secretary of Health and Human Services*, 815 F.2d 295, 298 (4th Cir. 1987).

The Fourth Circuit, in extending the rationale of *Califano v. Sanders*, has held that a district court has no jurisdiction to review the Commissioner's *res judicata* determinations, unless a colorable constitutional violation has been alleged. *Brown v. Harris*, 669 F.2d 911, 913 (4th Cir. 1981); *see also Hall v. Chater*, 52 F.3d 518, 520 (4th Cir. 1995). In this case there is no colorable constitutional claim. Accordingly, this Court has no jurisdiction to review the instant action.

Moreover, the Commissioner also properly construed Ms. Wallace's request for review as a request to reopen the final decision on a prior claim. *Ellis v. Schweiker*, 662 F.2d 419 (5th

---

[2] The Fourth Circuit has recognized the doctrine of administrative *res judicata* and has held that:
> An earlier administrative decision at any level in the adjudicative process may be final and therefore properly treated as preclusive of a subsequent claim either because the decision has been judicially affirmed or because administrative reconsideration, hearing, or review, or judicial review has not been timely sought.

*McGowen v. Harris*, 666 F.2d 60, 65 (4th Cir. 1981), citing *Shrader v. Harris*, 631 F.2d 297 (4th Cir. 1980).

4

Cir. 1981). The Commissioner's discretionary denial of Ms. Wallace's request to reopen the prior claim is not subject to judicial review. *Sanders*, 430 U.S. at 108. The Supreme Court held that neither section 10 of the Administrative Procedure Act, 5 U.S.C. §§ 701-706, nor section 205(g) of the Social Security Act grants district courts jurisdiction to review a decision of the Commissioner not to reopen a previously adjudicated claim for Social Security benefits. The Supreme Court held that 42 U.S.C. §405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the [Commissioner] made after a hearing.' But a petition to reopen a prior final decision may be denied without a hearing as provided in . . . . § 405(b)." *Sanders*, 430 U.S. at 108. The Fourth Circuit, in adopting *Sanders*, has held that a district court has no jurisdiction to review the Commissioner's discretionary denial of a request to reopen a prior final determination, absent a colorable constitutional claim. *Hall*, 52 F.3d at 520; *Cleaton*, 815 F.2d at 298; *Brown*, 669 F.2d at 913. As there is no colorable constitutional claim in the instant case, this Court has no jurisdiction and the action must be dismissed.

IT IS THEREFORE ORDERED that the Commissioner's Motion to Dismiss is hereby GRANTED.

Signed: February 5, 2018

Graham C. Mullen
United States District Judge

5